EXHIBIT A

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F I L E D

AUG 0 7 2020

D. KEER CLERK OF THE COURT
SUPERIOR COURT OFFICIAL FORNIA
COUNTY OF CONTRA COSTA

By _____
K. Vaquerano, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Praxair Distribution, INC.; Dwight Whaley, and DOES 1-50, *inclusive*
*a Delware corporation    an individual*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Troy King, *an individual*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Contra Costa Superior Court of California, 725 Court Street, Martinez Ca. 94553 | CASE NUMBER: *(Número del Caso):* **C 20-01476** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Troy King, P.O. Box 4727, Antioch CA 94531

DATE: AUG 0 7 2020    Clerk, by K. VAQUERANO, Deputy
*(Fecha)*          *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Praxair Distribution, INC

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, S:   number, and address)*:<br>Troy King<br>P.O. Box 4777<br>Antioch, Ca. 94531 | FOR COURT USE ONLY |

TELEPHONE NO.: 415-6842-637   FAX NO. *(Optional)*:

ATTORNEY FOR *(Name)*: IN PRO PER

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA**

STREET ADDRESS: 725 Court Street

MAILING ADDRESS:

CITY AND ZIP CODE: Martinez Ca. 94553

BRANCH NAME: Wakefielsd Taylor Courthouse

CASE NAME:
Troy King v. Praxair Distribution INC

F I L E D

AUG 07 2020

K. BAKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
BY_____

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 20-01476 |
|---|---|---|
| [x] Unlimited   [ ] Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
   issues that will be time-consuming to resolve   courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence   court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify)*: 9
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 7, 2020

Troy King

_____   ▷   _____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

KING VS PRAXAIR DISTRIBUTION, ET AL.

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC20-01476

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  12/24/20      DEPT:  23      TIME:  8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)608-1000 for Unlimited Civil
and Limited Civil cases for assignment of an earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                        SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  08/07/20          _____

                          K. VAQUERANO
                          Deputy Clerk of the Court

Troy King
P.O. Box 4777
Antioch, Ca. 94531
415-684-2637
IN PRO PER



SUMMONS ISSUED

F I L E D

AUG 07 2020

A. RUKKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By: _____

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTR COSTA
UNLIMITED

PER LOCAL RULE, THIS
CASE IS ASSIGNED TO
DEPT 23 FOR ALL
PURPOSES

TROY KING, an individual

    Plaintiff,

V.

PRAXAIR DISTRIBUTION, INC.; a
Delaware corporation; Dwight Whaley, an
individual; and DOES 1-50, inclusive

    Defendants,

Case No.  C 2 0 - 0 1 4 7 6
COMPLAINT FOR DAMAGES

1. Discrimination Because of Race and
   Sex/Gender in Violation of FEHA-
   Government Code sec. 12940(a)
2. Hostile Work Environment in
   Violation of FEHA-Government Code
   sec. 12940(j)
3. Retaliation in Violation of FEHA-
   Government Code sec. 12940(h) and
   2  CA ADC § 7287.5
4. Failure to Prevent Harassment, or
   retaliation in Violation of FEHA-
   Government Code sec. 12940(k)
5. Wrongful Termination in violation of
   Public Policy
6. Retaliation of Labor Code sec. 1102.5
7. Unfair Business Practices (Bus. & Prof.
   Code sec. 17200 et. seq.)
8. Slander
9. Labor Code violations Pursuant to
   Private Attorney General's Act (Labor
   Code sec. 2699 et.seq.)

**JURY TRIAL DEMANDED**

_____

    Plaintiff, Troy King, complains against Defendants, and each of them, demands a trial by

jury of all issues and for all causes of action and hereby alleges, and based upon information and

belief, the following:

**PARTIES**

1. At all relevant times herein, Plaintiff, TROY KING (Plaintiff) is, and was an

Individual residing within the State of California, County of Contra Costa.

2. At all relevant times herein, PRAXAIR DISTRIBUTION, INC.

1

is, and was, a corporation doing business in the County of Contra Costa, State of California, and qualified as an "employer" under the Fair Employment and Housing Act (FEHA) at Government Code sec. 12926(d).

3. At all relevant times, Dwight Whaley was a resident of the State of California, County of Contra Costa, Plaintiff is informed and believes, and thereon alleges, that during all relevant times mentioned herein, Defendant  Dwight Whaley was employed by Defendant  PRAXAIR DISTRIBUTION, INC.  in a managerial and supervisorial capacity and was Plaintiff's Plant Manager

4. In addition, to the Defendants named above, Plaintiff sues fictitiously Defendants DOES 1-50 inclusive, pursuant to Code of Civil Procedure sec. 474, because their names, capacities, status, or facts showing them to be liable are not presently known. Plaintiff is informed and believes, and thereon alleges that Defendants, and each of them, designated herein as DOES 1-50, are responsible in some manner for occurrences and happenings herein alleged, and that Plaintiff damages, as herein alleged, were and are the direct and proximate result of the actions of said Defendants, and each of them. Plaintiff will amend his complaint to show their true names and capacities, together with appropriate changing language when such information has been ascertained.

5. Plaintiff is informed and believes and based thereon alleges that at all times material and relevant herein, that each Defendants, including each DOE Defendant, was working in concert with his or her co-workers and was acting within the course and scope of such agency. And in doing the acts alleged herein, was acting both individually and within the course of such agency/or concerted activity and with the knowledge, consent, and ratification of the agency. Defendant and DOES 1-50 each condoned, approved of and/or otherwise ratified the acts of each of the other Defendants. Whenever and wherever reference is made in this Complaint to any act or failure to act by Defendant and DOES 1-50, such allegations and reference shall also be deemed to mean the acts and/or failures to act by Defendant and or Co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

1  6.  Plaintiff reserves the right to amend his charges to plead agency between Defendants

2  Praxair, Whaley, and DOES 1-50, inclusive, and any of them, at any time that he ascertains acts

3  supporting such agency between such Defendants.

4  ## JURISDICTION & VENUE

5  7.  The amount of Plaintiff's exceeds the minimal jurisdictional dollar amount for this Court

6  of unlimited jurisdiction

7  ## ADMINISTRATIVE REMEDIES

8  8.  Plaintiff has satisfied all private, administrative, and judicial prerequisites to the

9  institution of this action.

10  9.    Plaintiff timely filed charges with Equal Employment Opportunity Commission

11  (EEOC) and Department of Fair Employment and Housing (DFEH) against Defendant, and

12  DOES 1-50, for wrongful acts alleged herein, and was issued a right-to-sue-letter by EEOC

13  within ninety days. Plaintiff also filed timely charges with The Department of Industrial

14  Relations.

15  10.    This action is not preempted by the California Workers' Compensation Act

16  because claims brought under FEHA and Labor Codes- including without limitation

17  discrimination because sex/gender, retaliation, failure to prevent discrimination, harassment, and

18  violations of the Labor Code - - are not risks or conditions of employment subject to workers'

19  compensation law.

20  ## FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION

21  11.    This action arises under the laws of the State of California (*Government Code sec.*

22  *12920 et. Seq.*)

23  12.    Plaintiff is a member of a protected class within the meaning of California fair

24  Housing Employment & Housing Act, Government Code sec. 12900, et seq. (FEHA). Plaintiff is

25  an African American male, over the age of 40 and opposed employment practices forbidden

26  under FEHA, i.e. discrimination, retaliation, and has protested illegal activity in violation of

27  *California Labor Codes including,* but not limited to *California Labor Codes section* 201, 203,

28  218.5, 226.7, 510, 512, 1102.5, 1194, and 2802.

3

13.  Plaintiff is an "employee" under the FEHA at *Government Code* sec 12926(d).

14.  At all times during his employment Plaintiff performed his job duties as a driver/loader in a competent and satisfactory manner.

15.  At all times material herein, Defendant Praxair INC. qualified as an "employer" under the FEHA at *Government Code sec*, 12926(d) and within the meaning of the FEHA

16.  At all times material herein, Plaintiff was employed by Praxair INC, as a driver / loader.

17.  Plaintiff began his employment with Praxair in June of 2016.

18.  Plaintiff's job duties were to transport hazards/ non-hazards gases from Pittsburg California throughout the San Francisco Bay Area.

19.  At all times material herein, DOES 1-50 was employed by Defendant Praxair.

20.  Plaintiff complained often to his supervisors about discrimination based on race, acts of retaliation, and unethical business practices. When Plaintiff reported ongoing incident to Plant supervisor Whaley, he responded by ask the Plaintiff if he really wants to go after Praxair because if he goes after Praxair, they will come after.

21.  Throughout Plaintiff's employment at Praxair INC, he was also subjected to ongoing defamation by current and former employees of Praxair, including but not limited to the following:

22.  On 3/17/17, Former PDI supervisor Lou Colatrino accused Plaintiff of recording their conversation in front of other Praxair's employees. When reported to Whaley no action was taken.

23.  On 8/30/17, Plaintiff wrote Whaley a letter that he was informed by a Hispanic co-worker who overheard other three long-term Hispanic employees making discriminating and derogatory statements about Plaintiff. When Whaley was informed no action was taken.

4

### FIRST CAUSE OF ACTION

#### Discrimination Because of Age and Sex/Gender

#### In Violation of Fair Employment & Housing Act (FEHA)

#### Government Code S 12940(a)

#### Against Defendant Praxair INC and DOES 1-50

24.    Plaintiff realleges and incorporates by reference as though fully set forth herein all preceding paragraphs contained in this Complaint.

25.    At all relevant times Plaintiff was a qualified individual and was covered Under the FEHA because of his status as being over 45 years old and as an African American male who was the target of discrimination by Hispanic co-workers *Government Code sec* 12940(a) et. seq.

26.    At all relevant times, Praxair INC and DOES 1-50, and each of them, were aware of Plaintiff's race and sex/gender.

27.    At all relevant times, Plaintiff's protected status was a motivating reason for Praxair INC and DOES 1-50 treatment of Plaintiff, and the eventual unlawful discharge of Plaintiff from his employment.

28.    As the employer, Defendant Praxair INC and DOES 1-50, are strictly liable for the conduct of Plaintiff's co-workers because they are Praxair INC. employees, and on information and belief, Defendant Praxair INC and DOES 1-50 knew or should have known of the discrimination and failed to take immediate and appropriate corrective action.

29.    In perpetrating the above-described actions, Defendant Praxair INC and DOES 1-50, and each of them, engaged in continuing and ongoing pattern and practice of unlawful discrimination and in violation of Government Code § 12940(j)(1).

30.    In engaging in the aforesaid wrongful conduct, Plaintiff was subject to adverse employment actions and treated less favorably than those similarly employees who has not opposed any practices forbidden under this part or because the person has filed a complaint.

31.    Plaintiff is informed and believes and thereon alleges that evidence adduced

during discovery will demonstrate a statistically significant disparate impact on persons based on their race and/or sex/gender.

32.   In engaging in the aforesaid wrongful conduct, Praxair INC and DOES 1-50 discriminated against Plaintiff on the basis of his race and sex/gender in violation of the FEHA at *Government Code § 12940(a)*.

33.   As a direct, foreseeable and proximate result of the aforementioned wrongful conduct by and through their managing agents, officers or directors, were engaged in with deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code sec 3294. In doing the things herein alleged, Defendant Praxair INC and DOES 1-50 were guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Defendant Praxair INC and DOES 1-50, said employees were employed by Defendant Praxair INC and DOES 1-50 with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Defendant Praxair INC and DOES 1-50 authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Defendant Praxair INC and DOES 1-50, all entitling Plaintiff to the recovery of exemplary and punitive damages in an amount to be proven at the time of trial.

## SECOND CAUSE OF ACTION

### Harassment and Hostile Work Environment

### *In Violation of Fair Employment & Housing Act (FEHA)*

### *Government Code § 12940(j)*

### Against Defendant Praxair INC and DOES 1-50

34.   Plaintiff realleges and incorporates by reference as though fully set forth herein all preceding paragraphs contained in this Complaint.

35.   Government Code $ 12940()) requires Defendant Praxair INC and DOES 1-50 to

refrain from harassing, or creating, or maintaining a hostile work environment against an employee based on his race and sex/gender, and engagement in protected activities as set forth herein.

36.     Defendant Praxair INC and DOES 1-50 violated Government Code $ 12940(j) by discriminating against Plaintiff when they allowed harassment on the basis of race and sex/gender, retaliated against Plaintiff for opposing unfair business practices, failed to prevent violations of the Fair Employment and Housing Act, and terminated Plaintiff as described above.

37.     In perpetrating the above-described actions, Defendant Praxair INC and DOES 1-50, and each of them, engaged in a continuing and ongoing pattern and practice of unlawful harassment in violation of Government Code $ 129406) (i)(1).

38.     Plaintiff was a member of a protected class as an African American male who was the target of harassment by his Hispanic co-workers.

39.     Defendant Praxair INC and DOES 1-50, and each of them, harassed Plaintiff and/or failed to take immediate and appropriate corrective action. The harassment was sufficiently pervasive or severe as to alter the conditions of Plaintiff's employment to create a hostile, intimidating or abusive work environment.

40.     Defendant Praxair INC and DOES 1-50, as the employer of Plaintiff's co-workers are strictly liable for their conduct, on information and belief, Defendant Praxair INC and DOES 1-50 knew or should have known of the harassment and failed to take immediate and appropriate corrective action.

41.     Plaintiff suffered the adverse employment actions of unlawful harassment and discrimination, failure to prevent harassment and discrimination, and termination, and was harmed thereby.

42.     Engagement in protective activities, and/or some combination of these protected characteristics under Government Code $ 12926 were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

43.     As a direct, foreseeable and proximate result of the aforementioned wrongful

1   conduct of Defendant Praxair INC and DOES 1-50, Plaintiff has suffered humiliation, emotional

2   distress and mental and physical pain and anguish, all to her damage in an amount according to

3   proof at the time of trial.

4        44.    The above described acts by Defendant Praxair INC and DOES 1-50, by and

5   through their managing agents, officers or directors, were engaged in with deliberate, cold,

6   callous, fraudulent, and intentional manner in order to injure and damage Plaintiff. Such acts

7   were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil

8   Code § 3294. In doing the things herein alleged, Defendant Praxair INC and DOES 1-50 were

9   guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to

10  employees of Defendant Praxair INC and DOES 1-50, said employees were employed by

11  Defendant Praxair INC and DOES 1-50 with advance knowledge of the unfitness of the

12  employees and they were employed with a conscious disregard for the rights of others; or

13  Defendant Praxair INC and DOES 1-50 authorized or ratified the wrongful conduct; or there was

14  advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or

15  malice on the part of an officer, director or managing agent of Defendant Praxair INC and DOES

16  1-50, all entitling Plaintiff to the recovery of exemplary and punitive damages in an amount to be

17  proven at the time of trial.

18  ### THIRD CAUSE OF ACTION

19  *Retaliation in Violation of Fair Employment & Housing Act (FEHA) Government Code §*

20  *12940(h)*

21  **Against Defendant Praxair INC and DOES 1-50**

22       45.    Plaintiff realleges and incorporates by reference as though fully set forth herein all

23  preceding paragraphs contained in this Complaint.

24       46    At all relevant times, Plaintiff was a qualified individual who is over 40 years' old

25  and an African American male and was covered under the Fair Employment and Housing Act

26  (FEHA) Government *Code § 12900 et. seq.*

27

28

47.     During his employment, Plaintiff opposed unlawful employment practices of Defendant Praxair INC and DOES 1-50, within the meaning of the FEHA at Government Code sec12940(h) and violations of the California Labor Code by, and without limitation, questioning and complaining about violation of California's Labor laws.

48.     At all relevant times, Praxair INC and DOES 1-50, were aware of Plaintiff's complaints about Praxair INC and DOES 1-50 unlawful business practices, including without limitation, bullying, humiliating, mocking, and belittling Plaintiff because of his protected status. Praxair INC and DOES 1-50 retaliated against Plaintiff by discharging, expelling or otherwise discriminating against him, and such conduct was a substantial motivating factor in causing Plaintiff harm.

49.     As a direct, foreseeable and proximate result of the aforementioned wrongful conduct of Praxair INC and DOES 1-50, Plaintiff has suffered humiliation, emotional distress and mental anguish.

50.     The above described acts by Praxair INC and DOES 1-50, by and through their managing agents, officers or directors, were engaged in with deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code sec 3294. In doing the things herein alleged, Praxair INC and DOES 1-50 were guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Praxair INC and DOES 1-50, said employees were employed by Praxair INC and DOES 1-50 with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Praxair INC and DOES 1-50 authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Praxair INC and DOES 1-50, all entitling Plaintiff to the recovery of exemplary and punitive damages in an amount to be proven at the time of trial.

## FOURTH CAUSE OF ACTION
### Failure to Prevent Discrimination, Harassment or Retaliation
### In Violation of Fair Employment & Housing Act (FEHA)
### *Government Code § 12940(k)*
### Against Defendant Praxair INC and DOES 1-50

51.    Plaintiff realleges and incorporates by reference as though fully set forth herein all preceding paragraphs contained in this Complaint.

52.    At all relevant times Plaintiff was a qualified individual who is over 40 years old, African American Male, and was covered under the Fair Employment and Housing Act (FEHA). Government |Code $ 12900 et. seq.

53.    Plaintiff was subjected to discrimination, harassment or retaliation because of her Race and sex/gender.

54.    Praxair INC and DOES 1-50, inclusive, failed to take reasonable steps to prevent discrimination, harassment and retaliation, and this failure was a substantial factor in causing Plaintiff harm.

55.  As a direct, foreseeable and proximate result of the aforementioned wrongful conduct of Praxair INC and DOES 1-50, Plaintiff has suffered humiliation, emotional distress and mental anguish.

56.    The above described acts by Praxair INC and DOES 1-50, by and through their managing agents, officers or directors, were engaged in with deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code sec 3294. In doing the things herein alleged, Praxair INC and DOES 1-50 were guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Praxair INC and DOES 1-50, said employees were employed by Praxair INC and DOES 1-50 with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Praxair INC and DOES 1-50 authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard,

1 | authorization, ratification or act of oppression, fraud or malice on the part of an officer, director

2 | or managing agent of Praxair INC and DOES 1-50, all entitling Plaintiff to the recovery of

3 | exemplary and punitive damages in an amount to be proven at the time of trial.

### FIFTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy
### Against Defendant Praxair INC and DOES 1-50

57.     Plaintiff realleges and incorporates by reference as though fully set forth herein all preceding paragraphs contained in this Complaint.

58.     At all times material hereto, Plaintiff is and was a citizen of the State of California, and employed by Praxair INC and DOES 1-50 in the State of California until her employment was unlawfully terminated.

59.     At all times material hereto, Praxair INC and DOES 1-50 termination of Plaintiff's employment was because of reasons that are against the public policies of the State of California, including without limitation the following: (1) because of race; (2) because of sex/gender; (3) because of him pursuing his rights under FEHA; and (4) because he opposed and complained about illegal conduct by Praxair INC and DOES 1-50.

60.     Praxair INC and DOES 1-50, and each of them, were motivated to terminate Plaintiff on grounds that violated public policy of the State of California as stated by, without limitation, the FEHA (Government Code $ 12900 et. seq.); complaining about illegal conduct pursuant to Labor Code $ 1102.5; other applicable California statutes and common law; and Plaintiff's constitutional rights under the California Constitution, Article 1, section 8, that individuals shall not be discriminated or retaliated against in their employment on the basis of their race, sex/gender, or complaining to their employer about illegal conduct.

61.     Plaintiff was wrongfully terminated on or about January 9, 2017.

62.     As a direct, foreseeable and proximate result of the aforementioned wrongful conduct of Praxair INC and DOES 1-50, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits, and other consequential economic losses, in an amount according to proof at the time of trial.

63. As a direct, foreseeable and proximate result of the aforementioned wrongful conduct of Praxair INC and DOES 1-50, Plaintiff has suffered humiliation, emotional distress and mental anguish. The above described acts by Praxair INC and DOES 1-50, by and through their managing agents, officers or directors, were engaged in with deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code sec 3294. In doing the things herein alleged, Praxair INC and DOES 1-50 were guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Praxair INC and DOES 1-50, said employees were employed by Praxair INC and DOES 1-50 with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Praxair INC and DOES 1-50 authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Praxair INC and DOES 1-50, all entitling Plaintiff to the recovery of exemplary and punitive damages in an amount to be proven at the time of trial.

### SIXTH CAUSE OF ACTION

**Retaliation in Violation of Labor Code 8 1102.5**

**Against Defendant Praxair INC and DOES 1-50**

64. Plaintiff realleges and incorporates by reference as though fully set forth herein all preceding paragraphs contained in this Complaint.

65. Labor Code $ 1102.5(b) prohibits employers from retaliating or terminating an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or non-compliance regardless of whether disclosing the information is part of the employee's job duties.

66. Labor Code $ 1102.5(c) prohibits employers from retaliating against an employee for the employee's refusal to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state or federal rule or regulation.

67. Praxair INC and DOES 1-50 violated Labor Code sec1102.5 by terminating Plaintiff's employment because Plaintiff communicated what he reasonably believes to be illegal conduct by Praxair INC and DOES 1-50 employees that was endorsed by Praxair INC and DOES 1-50.

68. As a direct, foreseeable and proximate result of the aforementioned wrongful conduct of Praxair INC and DOES 1-50, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits, and other consequential economic losses, in an amount according to proof at the time of trial.

69. As a direct, foreseeable and proximate result of the aforementioned wrongful conduct of Praxair INC and DOES 1-50, Plaintiff has suffered humiliation, emotional distress and mental anguish. The above described acts by Praxair INC and DOES 1-50, by and through their managing agents, officers or directors, were engaged in with deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code sec 3294. In doing the things herein alleged, Praxair INC and DOES 1-50 were guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Praxair INC and DOES 1-50, said employees were employed by Praxair INC and DOES 1-50 with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Praxair INC and DOES 1-50 authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Praxair INC and DOES 1-50, all entitling Plaintiff to the recovery of exemplary and punitive damages in an amount to be proven at the time of trial.

## SEVENTH CAUSE OF ACTION

### Unfair Business Practices (Bus. & Prof. Code § 17200 et. seq.)

### Against Defendant Praxair INC and DOES 1-50

70.     Plaintiff realleges and incorporates by reference as though fully set forth herein all preceding paragraphs contained in this Complaint.

71.     During Plaintiff's employment, Praxair INC and DOES 1-50 engaged in unlawful conduct, constituting unfair business practices, including but not limited to failing communicate deduction of Plaintiffs wages

72.     Praxair INC and DOES 1-50 conduct, as alleged above, constitutes unlawful, unfair, and fraudulent activity prohibited by Business and Professions Code sec 17200

### EIGHT CAUSE OF ACTION

### Slander

### Against Defendants Praxair INC and DOES 1-50

73.     Plaintiff realleges and incorporates by reference as though fully set forth herein all preceding paragraphs contained in this Complaint.

74.     Plaintiff is informed and believes Praxair INC and DOES 1-50, and each of them, by the herein described acts, conspired to, and in fact, did negligently, recklessly, and intentionally caused excessive slander concerning Plaintiff, to other Praxair employees. These false and defamatory statements included express and implied: accusations that Plaintiff violated company policies. These and other similar false statements expressly and impliedly stated that Plaintiff was a hostile employee.

75.     While the precise dates of slanderous statements are known to Plaintiff, he believes the slanderous statements may have started for the purpose of retaliating against him for his above said complaints about Labor Code violations. These slanderous statements were outrageous, negligent, reckless, intentional, and maliciously made by Praxair INC, and DOES 1-50, and each of them. Plaintiff is informed and believes that the negligent, reckless, and statements made by Praxair INC and DOES 1-50, and each of them, were and continue to be, foreseeably stated by Praxair INC and DOES 1-50, their agents and employees, and recipients in

14

the community. Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of

76.     The above complained of statements made by Praxair INC, and DOES 1 - 50, and each of them, were made with hatred and ill will towards Plaintiff and the design and With intent to injure Plaintiff, Plaintiff's good name, her reputation, employment and employability. Praxair INC, and DOES 1-50, and each of them, these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness, and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect Praxair INC, and DOES 1-50 from liability for any of these aforementioned publications or republications.

77.     As a direct, foreseeable and proximate result of the aforementioned wrongful conduct of Praxair INC and DOES 1-50, Plaintiff has suffered humiliation, emotional distress and mental anguish.

78.     The above described acts by Praxair INC and DOES 1-50, by and through their managing agents, officers or directors, were engaged in with deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code sec 3294. In doing the things herein alleged, Praxair INC and DOES 1-50 were guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Praxair INC and DOES 1-50, said employees were employed by Praxair INC and DOES 1-50 with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Praxair INC and DOES 1-50 authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Praxair INC and DOES 1-50, all entitling Plaintiff to the recovery of exemplary and punitive damages in an amount to be proven at the time of trial.

### NINTH CAUSE OF ACTION

### Labor Code Violations Pursuant to the Private Attorney General's Act

### Labor Code sec. 2699 et. Seq.

### Against Defendant Praxair INC and Does 1-50

79.    Plaintiff realleges and incorporates by reference as though fully set forth herein all preceding paragraphs contained in this Complaint.

80.    Labor Code § 1102.5(b) prohibits employers from retaliating or terminating an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or non-compliance regardless of whether disclosing the information is part of the employee's job duties.

81.    Labor Code § 1102.5(c) prohibits employers from retaliating against an employee for the employee's refusal to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

82.    Praxair INC and DOES 1-50 violated Labor Code § 1102.5 by terminating Plaintiff's employment because Plaintiff communicated what he reasonably believes to be illegal conduct by Praxair INC and DOES 1-50 employees that was endorsed by Praxair INC and DOES 1-50.

83.    Pursuant to Labor Code § 2699 et. seq. Plaintiff, on behalf of himself and other similarly aggrieved employees, seeks to recover civil penalties, as otherwise provided by statute, for which Praxair INC and DOES 1-50 are liable as a result of their violations of the above mentioned Labor Code sections in an amount to be proven at trial.

84.    As a direct, foreseeable and proximate result of the aforementioned wrongful conduct of Praxair INC and DOES 1-50, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits, and other consequential economic losses, in an amount according to proof at the time of trial.

85.     As a direct, foreseeable and proximate result of the aforementioned wrongful conduct of Praxair INC and DOES 1-50, Plaintiff has suffered humiliation, emotional distress and mental and physical pain and anguish, all to his damage in an amount according to proof at the time of trial.

86.     The above described acts by Praxair INC and DOES 1-50, by and through their managing agents, officers or directors, were engaged in with deliberate, cold, callous, fraudulent, and intentional manner in order to injure and damage Plaintiff. Such acts were despicable, and constitute malice, fraud and/or oppression within the meaning of Civil Code § 3294. In doing the things herein alleged, Praxair INC and DOES 1-50 were guilty of oppression, fraud and malice, and insofar as the things alleged were attributable to employees of Praxair INC and DOES 1-50, said employees were employed by Praxair INC and DOES 1-50 with advance knowledge of the unfitness of the employees and they were employed with a conscious disregard for the rights of others; or Praxair INC and DOES 1-50 authorized or ratified the wrongful conduct; or there was advance knowledge, conscious disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer, director or managing agent of Praxair INC and DOES 1-50, all entitling Plaintiff to the recovery of exemplary and punitive damages in an amount to be proven at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment in her favor and against Defendants, and each of them as follows:

1.     That Plaintiff be awarded general damages according to proof;

2.   .  For a declaration and Order thereon that Defendants may also be aware of its obligations under the law to not engage in discriminatory practices and violate the law as it relates to California's Fair Employment and Housing Act;

3.     For any and all injunctive relief this court deems necessary in order to effectuate Defendants' compliance with California's Fair Employment and Housing Act;

4.     For an order enjoining Defendants from continuing to engage in the aforementioned unlawful business practices in violation of California's Fair Employment and Housing Act;

5.     For any and all injunctive relief this court deems necessary pursuant to Business & Professions Code § 17203;

6.     That Defendants be ordered and enjoined to pay restitution to Plaintiff, due to Defendants' unlawful, unfair and fraudulent activities, pursuant to Business and Professions Code g$ 17200 - 17205;

7.     That Defendants further be enjoined to cease and desist from unlawful activities *in violation of Business and Professions Code 8 17200 et. seq.;*

8.     That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

### JURY TRIAL DEMANDED

Plaintiff, TROY KING, hereby demands a trial by jury.

DATED: August 7, 2020

_____

Troy King

PLAINTIFF IN PRO PER

18