UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TROY KING,

    Plaintiff,

v.

PRAXAIR DISTRIBUTION, INC., et al.,

    Defendants.

Case No. 3:20-cv-07817-JD

**ORDER RE JURISDICTION**

Pro se plaintiff King filed a complaint in the California Superior Court alleging a variety of California state discrimination and retaliation claims related to the termination of his employment by defendant Praxair. Dkt. No. 1-1. Praxair removed on the basis of diversity jurisdiction, which King did not challenge. Dkt. No. 1.

The case was originally assigned to a magistrate judge for all purposes pending each party's consent or declination of magistrate judge jurisdiction. Dkt. No. 2. The Clerk of the Court filed a letter directing King to submit a consent or declination form by November 27, 2020. Dkt. No. 8. King did not act by this deadline, and the docket does not indicate that he has ever responded to the question of magistrate judge jurisdiction. The Clerk appears to have treated King's lack of a response as a declination, and reassigned the case on a random, blind basis to this Court on November 30, 2020. Dkt. No. 18. In light of this record, the Court deems King to have declined magistrate judge jurisdiction. Consequently, the Court will retain this case.

Praxair needs to clarify the facts with respect to the Court's subject matter jurisdiction over this case on diversity grounds. The complaint states that King lives and works in California, and Praxair agreed in its removal petition that he is a citizen of California. Dkt. No. 1 ¶ 9. Praxair sought to establish diversity by alleging that the company is a citizen of Delaware and

Connecticut, and that defendant Whaley "resides" in Texas. *Id*. ¶¶ 10, 11. Whaley's citizenship was described in a declaration as "a citizen of the United States." Dkt. 1-3 ¶ 3.

Diversity jurisdiction requires diversity of citizenship, and residency is not always synonymous with citizenship. *See Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (a "person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state"). The declaration filed by Praxair is of little help to it for jurisdictional purposes because it merely alleges Whaley's state of residency, but not of citizenship, and even that is made in a purely conclusory manner. In addition, the domicile of a party "for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (internal citation omitted). It is not clear in the removal petition that this timing requirement was properly addressed.

The Court has an independent duty to ensure its own jurisdiction at all times in every case. *See IXL Learning, Inc. v. Martin*, No. 3:20-cv-02940-JD, 2020 WL 6459411, at *1 (N.D. Cal. Nov. 3, 2020). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As the party initiating removal, Praxair bears the burden of showing that federal jurisdiction is proper. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

Consequently, Praxair is ordered to show cause in writing why this case should not be remanded to the California Superior Court as removed improvidently and without jurisdiction with respect to Whaley's citizenship. A response to this order must be filed by July 19, 2021.

**IT IS SO ORDERED.**

Dated: July 1, 2021

JAMES DONATO
United States District Judge