UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TROY KING,

    Plaintiff,

v.

PRAXAIR DISTRIBUTION, INC., et al.,

    Defendants.

Case No. 3:20-cv-07817-JD

**ORDER RE MOTION TO DISMISS**

Re: Dkt. Nos. 5, 21

Pro se plaintiff King filed a complaint alleging a variety of California state discrimination and retaliation claims related to the termination of his employment by defendant Praxair. Dkt. No. 1-1. Praxair removed the case from the California Superior Court on diversity jurisdiction grounds. Dkt. No. 1. The Court on its own motion directed defendants to clarify the citizenship of defendant Whaley to ensure that federal subject matter jurisdiction is present. Dkt. No. 32. Whaley responded with a declaration establishing state citizenship in Texas. *See* Dkt. No. 33-1. Consequently, plaintiff and defendants are completely diverse, and the case is properly before the Court.

This order resolves Praxair's motion to dismiss. Dkt. Nos. 5, 21. Praxair filed the same motion twice, apparently in response to the re-assignment of the case from a magistrate judge to this Court. The motions are the same in all material respects. King filed two short oppositions, both of which request leave to amend. *See* Dkt. Nos. 20, 28.

The parties' familiarity with the record is assumed. After reviewing the complaint with the liberality afforded to pro se litigants, *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), dismissal with leave to amend is granted.

Praxair's main points are that the claims in the complaint are untimely under the pertinent statutes of limitations or inadequately alleged, and that King did not exhaust his administrative

remedies at the California Department of Fair Employment and Housing (DFEH), or obtain a right to sue letter, before alleging claims under the California Fair employment and Housing Act (FEHA), or do the same for the Private Attorney General Act (PAGA).

With respect to the DFEH issue, California law requires that an employee exhaust administrative remedies under the FEHA before suing in court by filing an administrative complaint with the DFEH and obtaining a notice of right to sue from it. *See* Cal. Gov. Code §§ 12960, 12965; *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996). King did not attach a right-to-sue notice from the DFEH to the complaint, or allege that he had one. King mentions a letter from the federal EEOC, Dkt. No. 1-1 ¶ 9, but a right-to-sue letter from the EEOC is not a substitute for a right-to-sue letter from the DFEH for the purpose of the FEHA. *See Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1726 (1994). King also did not allege that he had filed a complaint and that the DFEH had not acted on it for over one year, which can be an alternative ground to proceeding in court without a letter.

For the PAGA claim, King was required to give written notice to the Labor and Workforce Development Agency (LWDA) by an online filing, and to the employer by certified mail, before filing a civil suit. Cal. Lab. Code. § 2699.3; *see also Alcantar v. Hobart Service*, 800 F.3d 1047, 1056 (9th Cir. 2015). The complaint is silent on whether these acts were performed.

Consequently, the FEHA and PAGA claims are dismissed. If King chooses to amend them, he should attach the DFEH and LDWA letters, or allege facts showing why he might be able to proceed on these claims without them. King is advised that simply alleging that an agency representative told him he could sue will not be enough to go forward with these claims. Communications with the federal EEOC are also of little assistance in maintaining these claims.

For the timeliness issues, while statute of limitations questions can entail factual disputes not suitable for resolution on a motion to dismiss, the complaint raises on its face concerns about the slander and wrongful termination claims. The limitations period for slander is one year, and for wrongful termination two years. *See* Cal. Civ. Proc. Code §§ 335.1 (wrongful termination), 340(c) (slander); *Mathieu v. Norrell Corp.*, 115 Cal. App. 4th 1174, 1189 & n.14 (2004) ("common law claim for wrongful termination in violation of public policy" has a two year statute

1 of limitations (citing Cal. Civ. Proc. Code § 335.1)). The complaint alleges events in 2017, and says that King was terminated in January 2017. *See* Dkt. No. 1-1 ¶¶ 22, 23, 61. He filed the original complaint in the Superior Court in August 2020. *Id*. at ECF p.2.

Consequently, these claims are untimely on their face. If King chooses to amend them, he should allege facts that might explain why the limitations periods should be tolled, or that otherwise establish timely claims.

With respect to the claim for workplace retaliation under Labor Code § 1102.5(b), the complaint does not provide enough facts to plausibly state a violation. Section 1102.5(b) is part of the California whistleblower statute, and forbids an employer from retaliating against an employee who reports "a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." Cal. Labor Code § 1102.5(b). It is not at all clear in the complaint what violations of law King may have reported. The complaint mentions derogatory comments by co-workers, Dkt. No. 1-1 ¶ 23, but reports about internal personnel matters are not protected activity under Section 1102.5. *See Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384-85 (2005). If King chooses to amend this claim, he should allege facts consistent with the scope of Section 1102.5.

For the Unfair Competition Law claim, King does not allege any independent facts. He brings the claim purely on the basis of the other claims that have been dismissed. Consequently, it too is dismissed.

King may file an amended complaint consistent with this order by October 1, 2021. He may not add any new claims or parties with prior Court approval.

As a pro se plaintiff, King may wish to consult with the District's Legal Help Desk, which is available to assist to self-represented litigants. He may contact the Help Desk by calling (415) 782-8982 or emailing FedPro@sfbar.org. The Help Desk may also be able to assist King in finding an attorney.

**IT IS SO ORDERED.**

Dated: August 27, 2021

_____
JAMES DONATO
United States District Judge