UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY KING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRAXAIR DISTRIBUTION, INC., et al.,<br><br>　　　　　Defendants. | Case No. 3:20-cv-07817-JD<br><br>**SECOND ORDER RE MOTION TO DISMISS** |

Pro se plaintiff King filed a first amended complaint (FAC), Dkt. No. 47, alleging racial discrimination, harassment, retaliation, and wrongful termination, in violation of 42 U.S.C. § 1981 and retaliation in violation of California Labor Code § 1102.5. The Court dismissed King's original complaint, which alleged a host of other violations of federal and California state law, with leave to amend the complaint. *See* Dkt. No. 34. King asked for leave to pursue claims outside those originally included in his complaint, which was granted. Dkt. No. 40; Dkt. No. 44. Even so, the FAC alleges claims only under 42 U.S.C. § 1981 and Cal. Lab. Code § 1102.5.

Defendant Praxair Distribution, Inc. (Praxair), asks to dismiss the FAC on the grounds that the federal claims are untimely, and that the FAC does not plausibly state a California state law claim. Dkt. No. 49-1.

The parties' familiarity with the record is assumed. After reviewing the FAC with the liberality afforded to pro se litigants, *see Balistreri v. Pacifica Police Dept't*, 901 F.2d 696, 699 (9th Cir. 1990), dismissal is granted for the California state law claims and denied for King's Section 1981 wrongful termination, hostile work environment, and retaliation claims.

For the Section 1981 claim, Praxair says that the claims are barred by the statute of limitations. Dkt. No. 49-1 at 3. The FAC states that King was terminated on November 3, 2017.

Dkt. No. 47 ¶ 94. King filed the original complaint in the Superior Court for Contra Costa County on August 7, 2020. Dkt. No. 1-1. He filed the FAC on December 20, 2021. Dkt. No. 47. King's Section 1981 claims are for race discrimination, hostile work environment, retaliation, failure to investigate and prevent discrimination and harassment, wrongful termination, and constructive discharge. Dkt. No. 47 ¶¶ 103-12.

The hostile work environment, retaliation, and wrongful termination claims under Section 1981 are subject to a four-year statute of limitations. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004); *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1006 (9th Cir. 2011). The other portions of the Section 1981 claim are subject to a two-year statute of limitations. *Del Percio v. Thornsley*, 877 F.2d 785, 786 (9th Cir. 1989); Cal. Civ. P. Code § 335.1. The original state court complaint was timely under the four-year limitations period, but not under the two-year period.

Praxair says that the Section 1981 claims should be dismissed because the FAC was filed late and the claims do not arise out of the same conduct described in the original complaint, and so do not relate back for limitations purposes. Dkt. No. 49-1 at 3-5. It is true that King missed the filing date for his amended complaint, but in light of his pro se status, the Court granted him extensions. *See* Dkt. Nos. 37, 44, 48. Consequently, the late filing of the FAC will not be held against him.

Praxair's relation back objection is not well taken. Relation back is warranted when "the new claim arises from the same conduct, transaction, or occurrence as the original claim," such that "the claim to be added will likely be proved by the same kind of evidence offered in support of the original pleading." *In re Dominguez*, 51 F.3d 1502, 1510 (9th Cir. 1995). King's original complaint alleged several state causes of action for discrimination, harassment, and retaliation. Dkt. No. 1-1. Praxair says that because the Court found that King failed to adequately state a claim in his original complaint, King's new factual allegations should not be found to relate back to his original claim. Dkt. No. 49-1 at 5. Not so. Federal Rule of Civil Procedure 15 is clear that an amendment to a pleading relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the

original pleading." Fed. R. Civ. P. 15(c)(1)(B).  King did not need to successfully state a claim in order for his Section 1981 claim to relate back to his original complaint.

Praxair also says that King's claim under Labor Code § 1102.5 should be dismissed as untimely.  Dkt. No. 49-1 at 3.  The Court need not reach the statute of limitations issue because King failed to state a claim under Section 1102.5.  The Court previously dismissed King's claim because it did not provide enough facts to plausibly state a violation.  Dkt. No. 34 at 3.  Section 1102.5(b) forbids an employer from retaliating against an employee who reports "a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." Cal. Lab. Code § 1102.5(b).  To state a claim on this score, the plaintiff must allege that: "(1) the plaintiff engaged in protected activity, (2) the defendant subjected the plaintiff to an adverse employment action, and (3) there is a causal link between the two." *Ross v. Cty of Riverside*, 36 Cal. App. 5th 580, 591-92 (2019).

Praxair contends that the Section 1102.5 claim is untenable because it did not allege protected conduct.  Dkt. No. 49-1 at 6-7.  For this conduct, the FAC states that King reported unsafe equipment to his supervisors, Dkt. No. 47 ¶¶ 80, 123, and filed an OSHA complaint, *id*. ¶¶ 88, 124.  But the FAC does not allege that his supervisors were aware of his OSHA complaint or took action against him in connection with it.  The FAC suggests that King also reported conduct to the effect that other employees used derogatory terms and acted unethically toward King.  *See, e.g.*, *id*. ¶¶ 41, 57, 74.  The Court previously determined that this type of conduct, which involves internal personnel matters, is not a source of protected activity under Section 1102.5.  *See* Dkt. No. 34 at 3; *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378,1384-85 (2005).  The same holds true again here.

Consequently, the Labor Code § 1102.5 is dismissed.  The Section 1981 claim is dismissed on limitations grounds for all claims other than wrongful termination, hostile work environment, and retaliation.  A retaliation claim under Section 1981 requires the same elements as a claim under Labor Code Section 1102.5.  *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 800 (9th Cir. 2003).  But Praxair did not challenge the Section 1981 claim on those grounds.  At this stage of

the case, after a prior order of dismissal and opportunities to amend the complaint, the claims are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: August 31, 2022

JAMES DONATO
United States District Judge

4